Stanley Goff, Bar No. 289564
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorney for Plaintiff David Conerly

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CONERLY,<br><br>             Plaintiff,<br><br>vs.<br><br>CITY OF BERKELY POLICE OFFICER CHRISTOPHER FLORES; BERKELEY POLICE OFFICER JEREMY LATHROP AND DOES 1 - 20<br><br>             Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br><br>Excessive Force; Unlawful Detention, False Arrest pursuant to 42 U.S.C Section 1983 |

**DEMAND FOR JURY TRIAL**

COMPLAINT FOR DAMAGES- 1

## JURISDICTION

1. This court has jurisdiction over the subject matter of this complaint under 42 U.S.C. §1983.

## I.

## **PARTIES**

2. Plaintiff David Conerly brings a complaint based on the above-listed federal causes of actions.

3. Defendant City of Berkeley is a municipality in the State of California and owns, operates, manages, directs and controls the Berkeley Police Department, which employs the defendant officers .

4. Defendant Berkeley Police officer Christopher Flores was at all times relevant to this complaint employed as a Berkeley Police Officer when he engaged in the conduct resulting in the injuries suffered by the plaintiff. This defendant officer is being sued in both his official and individual capacity.

5. Defendant Berkeley Police officer Jeremy Lathrop was at all times relevant to this complaint employed as Berkeley Police Officer when he engaged in the conduct resulting in the injuries suffered by the plaintiff. This defendant officer is also being sued in his individual capacity.

6. Defendant DOE officers were at all times relevant to this complaint employed as Berkeley Police Officers when they engaged in the conduct resulting in the injuries suffered by the plaintiff. These defendant officers are also being sued in his/her official and individual capacities.

7. At all times relevant to this complaint, all defendants acted under color of state law.

COMPLAINT FOR DAMAGES- 2

## II.

## **STATEMENT OF FACTS**

8. On February 22, 2013, the defendants were patrolling the area near San Pablo Park in Berkeley California in a semi-marked vehicle. The officers observed an adult black male, later identified as the plaintiff walking down the street.

9. When the plaintiff saw the police vehicle, he immediately fled onto a block behind 2627 Park Street in Berkeley California. Officer Flores (hereinafter referred to as defendant) exited the vehicle and said "stop Police." The plaintiff did not comply and continued to flee.

10. The defendant set up a perimeter to contain the block, but found no sign of the plaintiff.

11. An anonymous citizen told the defendants that they had seen the plaintiff heading towards 2748 Acton Street in Berkeley California; a residential home that the citizen had earlier observed the plaintiff hanging out in front of.

12. Upon receiving this information, the defendants went to 2748 Acton Street. Upon their arrival, the defendants observed an individual who appeared to be sweating and nervous leave the house. The defendants briefly detained the individual who they suspected of being under the influence of marijuana and ascertained that an individual named Robert Custer resided at the 2748 Acton Street address who was on probation with an active search clause and was registered as living at this address.

COMPLAINT FOR DAMAGES- 3

13. With the knowledge that a resident of the Acton Street home had an active probation search condition, the defendants entered the home without knocking with their guns drawn.

14. Once the defendants gained entry, they saw the plaintiff exit the northwest bedroom and after immediately recognizing the plaintiff as the person who had fled from them earlier, the defendants with all of their guns trained on the plaintiff, ordered the plaintiff to put his hands on his head.

15. The plaintiff was then slammed to the ground and was placed in handcuffs with the defendants' guns trained on him the whole time.

16. The plaintiff was subsequently charged with a violation of California Penal Code Section 148.

17. While being detained at the Berkeley Police Department jail, the plaintiff confessed that there was a gun at the Acton Street home that belonged to him. A search was conducted of the home based on this information and a loaded gun was eventually located.

18. The plaintiff was subsequently charged by the United States for violation of 18 U.S.C. 922(g)(1) (being a felon in possession of a firearm and ammunition) in October 2013 and was placed in federal custody pending his charges.

19. On September 30, 2014, The plaintiff filed a motion to suppress all of the physical evidence that the defendants had obtained after they arrested and searched him following his earlier flight from the defendants, as well as all statements that he had made following his arrest as fruits of an unlawful arrest and search.

COMPLAINT FOR DAMAGES- 4

20. The plaintiff's motion to suppress was granted and the plaintiff was ordered release from federal custody on or around December 2014.

**Plaintiff v. Defendant Officers  (Federal Constitutional Claims)**

*False Arrest*

21. Defendant officers violated the plaintiff's right under the Fourth Amendment to the United States Constitution to be free from unlawful arrest when the defendant officers entered the Acton Street home without knocking, with guns drawn, yelling commands at the plaintiff and immediately handcuffing him without probable cause that he had committed a crime.

22. That nothing in the plaintiff's conduct in fleeing from the defendants earlier in the day of the incident gave the defendants any indication that the plaintiff presented a danger to the defendants' safety or the safety of others.

23. That at the time the defendants first saw the plaintiff, they had no information that he was engaging in criminal activity or on parole, and he had not indicated any threatening actions toward the officers or anyone else.

24. That the defendants did not enter the Acton Street home based on any exigent circumstances related to the plaintiff's conduct.

25. That despite the fact that the plaintiff had previously fled from defendants on the street, he was surrounded by defendants within the Acton Street home and did not pose any threat of escape.

COMPLAINT FOR DAMAGES- 5

26. That the defendants lacked reasonable suspicion to arrest plaintiff upon seeing him flee on the day of the incident because the area that the plaintiff was in, was not a "high crime" area and the plaintiff displayed no indicia that he was engaged in criminal activity.

*Excessive Force*

27. The defendants violated the plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from excessive force when without probable cause to arrest the plaintiff and without the plaintiff posing a threat of harm to the officers or posing a threat of resisting or escape, the defendants pointed weapons at the plaintiff and slammed him onto the ground, causing him to suffer severe injuries to his arms, neck and shoulders as well as severe emotional distress.

28. That this level of force exercised by the defendants was unreasonable based on the circumstances that where present during the time of the incident.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS as follows:

1. Compensatory damages as to all defendants;
2. For punitive damages according to proof as to each defendant officer;
3. Reasonable attorneys' fees and costs;
4. For such other and further relief as the court deems just and proper

Plaintiff hereby demands a jury trial.

Dated: September 4, 2015

/s/
Stanley Goff Esq.,
Attorney for Plaintiff David Conerly

COMPLAINT FOR DAMAGES- 6